UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER EASTERLING,<br>Defendant. | Case No. 13-cr-00800-WHO-1<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br>Re: Dkt. Nos. 204, 234 |

Defendant Christopher Easterling moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because he is of heightened risk of COVID-19 infection as a result of the conditions of his incarceration and his obesity, high blood pressure and diabetes. He has tested positive for COVID-19 and recovered. I may grant his motion only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The reasons that Easterling brings his motion are concerning: the impact of the COVID-19 in a prison setting can be particularly severe, and Easterling has underlying medical conditions that put him at elevated risk of contracting COVID. But when considered in light of the danger Easterling poses to the public and the 18 USC 3553(a) factors, his motion does not meet the "extraordinary and compelling" standard. It is denied.

At the outset, there is a dispute whether Easterling exhausted his administrative remedies as required by statute. I will assume for purposes of this motion that he did so in light of the supplementary material produced with his Reply. Dkt. 234-1.

The phrase "extraordinary and compelling reasons" has been defined by the United States Sentencing Commission in the application notes to U.S.S.G. § 1B1.13. There are five circumstances that qualify as "extraordinary and compelling reasons" to grant compassionate release.

The first two relate to the defendant's medical condition. The "extraordinary and

1  compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness
2  (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt.
3  n.1(A)(i).  It is also satisfied by "a serious physical or medical condition, . . . serious functional or
4  cognitive impairment, or . . . deteriorating physical or mental health because of the aging process .
5  . . that substantially diminishes the ability of the defendant to provide self-care within the
6  environment of a correctional facility and from which he or she is not expected to recover." *Id*. §
7  1B1.13 cmt. n.1(A)(ii).

8        The defendant's age qualifies as a third extraordinary and compelling reason if "[t]he
9  defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or
10 mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of
11 his or her term of imprisonment, whichever is less." *Id*. § 1B1.13 cmt. n.1(B).  Family
12 circumstances requiring the defendant to care for minor children or a spouse or registered partner
13 are a fourth qualifying reason. *Id*. § 1B1.13 cmt. n.1(C).  Fifth, a catch-all provides for relief if,
14 "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an
15 extraordinary and compelling reason other than, or in combination with, the reasons described in
16 subdivisions (A) through (C)." *Id*. § 1B1.13 cmt. n.1(D).

17       Easterling suffers from diabetes, high blood pressure and obesity. He is African American;
18 there have been disturbing racial disparities in the severity of COVID-19 infections.  He is
19 incarcerated, which further heightens his risk of infection.  In fact, he has tested positive for
20 COVID-19 and recovered.  There is no scientific certainty whether his prior infection will protect
21 him from further infection.  And although access to vaccines has substantially increased around
22 the country and within the Bureau of Prisons, that is not a guarantee that there will not be
23 outbreaks in the future.  This combination of factors may constitute an extraordinary and
24 compelling reason to grant his motion.

25       However, I may reduce his sentence only if I find that he is not a danger to the safety of
26 any other person or to the community, as provided in 18 U.S.C.§ 3142(g).  I cannot make that
27 finding. He was the leader of methamphetamine distribution ring centered at the Fairfax Hotel in
28 San Francisco that was in operation for at least several months.  The offense conduct was

extremely serious and damaging to the public. He has a significant criminal history dating back to 1990, with multiple prior felony convictions for narcotics trafficking, and the Bureau of Prisons assessed that he has a high risk of recidivism based on the DOJ PATTERN risk assessment tool. Within the last year, he has been disciplined twice for possessing a prohibited tool. Easterling provides no counter-balancing evidence that suggests that he would not be a danger to the community if released except that he is older, has served more than seven years in prison, and has family in the Bay Area who would support him if he were released. While I hope what Easterling says is true, it is not enough to support a finding that he is not a danger to the public if released now.

Even if I could find that he would not be a danger to the public, I would still have to consider the 18 U.S.C. § 3553(a) factors. Preliminarily, as of today the risks posed by the pandemic remain serious but have receded somewhat with better practices and protocols and more access to vaccinations in the Bureau of Prisons. When I evaluate Easterling's sentence, it is long: 140 months, albeit at the low end of the Guideline range and substantially lower than the recommendations of the government and the Probation Office (175 and 168 months, respectively). He has now served roughly 70% of it. But there are reasons the sentence was that long, and those reasons are not weakened by the pandemic. The critical factors were the offense conduct and Easterling's criminal history, which led me to conclude that 140 months met the purposes of sentencing, including particularly just punishment, deterrence and protection of the public. In consideration of all the factors mentioned, the purposes of sentencing would not be fulfilled by an early release.

In sum, this case is not sufficiently "extraordinary and compelling" to warrant compassionate release. The motion is denied.

**IT IS SO ORDERED.**

Dated: March 30, 2021

William H. Orrick
United States District Judge